**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICKY D. HALL** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:20-cv-00048** |
| | § | |
| **GUILD MORTGAGE COMPANY** | § | |
|     **Defendant.** | § | |

<u>**NOTICE OF REMOVAL OF CIVIL ACTION**</u>

Defendant Guild Mortgage Company, a California Corporation ("Guild" or "Defendant"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

## I.    INTRODUCTION

1.    On January 2, 2020, Plaintiff Ricky D. Hall ("Plaintiff") filed Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") in an action styled *Ricky D. Hall v. Guild Mortgage Company* pending in the 368th Judicial District Court of Williamson County, Texas, Cause No. 20-0005-C368 (the "State Court Action").[1]

2.    Plaintiff filed suit to stop a foreclosure sale of the property located at 801 Loop 332, Liberty Hill, Texas 78642 (the "Property"). Plaintiff brings claims for violations of 12 CFR §1024.41, the Texas Debt Collection Act, common law fraud, and breach of contract. Plaintiff also seeks injunctive relief to stop foreclosure.

3.    Since this lawsuit was filed less than thirty days ago, this Notice of Removal is timely filed pursuant 28 U.S.C. § 1446(b).

---

[1] *See* **Exhibit A-2**: Plaintiff's Complaint (cited herein as "Compl." and incorporated by reference).

## II.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists.

5.      Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6.      Based on the allegations in the Complaint, Plaintiff lives in Texas and, therefore, is a citizen of Texas for the purposes of diversity jurisdiction.[2]

7.      Defendant Guild Mortgage Company is incorporated in California and has its principal place of business in California.  Therefore, it is a citizen of California.

8.      Because Plaintiff is a citizen of Texas and Guild is a citizen of California, complete diversity exists.[3]

### B.    Amount in Controversy Exceeds $75,000.

9.      Diversity jurisdiction is proper if "'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts— [either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'"[4] Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[5]

---

[2] *See Compl.* at ¶ 2.
[3] *See* 28 U.S.C. § 1332(a)(1).
[4] *Govea v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-10-3482, 2010 WL 5140064, at *2 (S.D. Tex. Dec. 10, 2010) (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))).
[5] *Garcia*, 351 F.3d at 638-39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

10.    Plaintiff seeks injunctive relief to prevent Defendant from selling the Property at a foreclosure sale. The Fifth Circuit has held "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[6] When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[7]  And, where the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[8] When a plaintiff seeks a declaration that the mortgagee is barred from foreclosing on its interest in the property, it calls into question a right to the property in its entirety and the amount in controversy is equal to the value of the property.[9] Additionally, the Fifth Circuit held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[10]

11.    The purpose of Plaintiff's Complaint is to prevent Defendant from foreclosing. Therefore, the fair market value of the Property is the proper measure of the amount in controversy.  The Property is valued at $254,353 according to the Williamson County Appraisal

---

[6] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).
[7] *McDonald v. Deutsche Bank Nat'l Trust Co., as Trustee*, No. 3:11-cv-2691, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").
[8] *Martinez v. BAC Home Loans Servicing, L.P.*, No. SA-09-CA-951, 2010 WL 6511713, at *7 (W.D. Tex. Sep. 24, 2010).
[9] *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (holding the amount in controversy is equal to the value of the property when plaintiff was seeking a declaration that defendant was barred from foreclosing on its interest the property); *see also Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4-5 (N.D. Tex. July 18, 2011).
[10] *Id.*

District.[11]  Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III.   BASIS FOR REMOVAL:  FEDERAL QUESTION

**A.   Original Jurisdiction**

12.   Not only does the Court have diversity jurisdiction, but the Court also has jurisdiction because Plaintiff seeks relief under federal law.  A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[12]  Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[13]  Additionally, a case arises under 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[14]

13.   This action arises under and presents a question of federal law under 12 CFR §1024.41.[15]  Therefore, removal of this entire cause is therefore proper under 28 U.S.C. § 1441(c).  Additionally, as detailed below, the Court has supplemental jurisdiction over any state law claims Plaintiff brings.[16]

**B.   Supplemental Jurisdiction**

14.   In addition to Plaintiff's claim under 12 CFR §1024.41, this Court also has

---

[11] *See* **Exhibit C**: Williamson County Appraisal District Property Detail.  It is appropriate for the court to take judicial notice of the appraised value of the property because it is a matter of public record and the information is capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).
[12] 28 U.S.C. § 1441(a) (2012).
[13] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[14] *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).
[15] *See* Compl., ¶¶ 45–48.
[16] 28 U.S.C. § 1367.

jurisdiction over Plaintiff's state law claim for alleged breach of contract.[17]   As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[18]   This Court has original jurisdiction to hear Plaintiff's claim under 12 CFR 1024.41.   It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[19]   This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[20]

15.     Plaintiff's state law claims against Defendant for alleged breach of contract, violation of the Texas Debt Collection Act, and fraud share a common nucleus of operative facts with, and form part of the same case or controversy as Plaintiff's allegations under RESPA.   All of Plaintiff's claims arise out of Plaintiff's contentions that Guild allegedly failed to provide a notice of default before accelerating the mortgage loan at issue and failed to properly handle Plaintiff's application for a loan modification.    Since Plaintiff's state law claims against Defendant are based on the same factual allegations as his RESPA claim, supplemental jurisdiction exists over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[21]   Therefore, it is appropriate for Defendant to remove the State Court Action to this Court and for the Court to

---

[17] *Id.* ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

[18] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

[19] *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F.Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).

[20] *Id.* at 806.

[21] *See Villareal v. J.P. Morgan Chase Bank, N.A., et. al.*, 720 F.Supp.2d 806, 808, 2010 WL 2653484, at *2 (S.D. Tex. July 6, 2010); 28 U.S.C. § 1367(a).

exercise jurisdiction over all of Plaintiff's claims.[22]

## IV.   VENUE

16.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division embrace the 368th Judicial District Court of Williamson County, Texas, the forum in which the State Court Action was pending.

## V.   ADDITIONAL REQUIREMENTS

17.     Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1** | Case information including docket summary; |
| **Exhibit A-2 - 6:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel; |
| **Exhibit C:** | Williamson County Appraisal District property detail. |

18.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Williamson County, Texas.

19.     Therefore, Defendant gives notice that the above-referenced action now pending against them in the 368th Judicial District Court of Williamson County, Texas has been removed to this Court.

---

[22] *See Jamal*, 97 F. Supp. 2d at 806.

Respectfully submitted,

By:  */s/ Valerie Henderson*

**Valerie Henderson**
Texas Bar No. 24078655
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com

**ATTORNEY FOR DEFENDANT
GUILD MORTGAGE COMPANY**

## CERTIFICATE AND NOTICE OF FILING

I certify that on January 15, 2020, the Notice of Removal was sent to the District Clerk of Williamson County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon counsel of record via CMRRR pursuant to the Federal Rules of Civil Procedure on January 15, 2020:

John G. Helstowski
J. GANNON HELSTOWSKI LAW FIRM
13601 Preston Road, Suite E920
Dallas, Texas  75240
***Via CM/RRR: 7018 0360 0001 4824 6190***

*/s/ Valerie Henderson*
Valerie Henderson